JUDGE MARRERO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

NORTH JERSEY MEDIA GROUP INC.,    :

                Plaintiff,    :

       -against-                :    12 Civ.

JOHN DOE NOS. 1-5 D/B/A           :
STOOPIDHOUSEWIVES.COM,
                       :

                Defendants.
                       :
- - - - - - - - - - - - - - - - x

12 CIV 6152

RECEIVED AUG 10 2012 U.S.D.C. S.D.N.Y. CASHIERS

## COMPLAINT

Plaintiff North Jersey Media Group Inc. ("NJMG"), by its undersigned counsel, for its complaint against defendants John Doe Nos. 1-5 d/b/a Stoopidhousewives.com, alleges:

### Nature of the Action

1. NJMG is bringing this action to enforce its copyrights in its photographs that defendants have infringed by posting them on their website.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because they arise under the Copyright Act, 17 U.S.C. § 101 et seq.

3. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

4.  Upon information and belief, this Court has personal jurisdiction over defendants pursuant to N.Y. C.P.L.R. § 302.

## Parties

5.  NJMG is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Woodland Park, New Jersey.

6.  Upon information and belief, defendants John Doe Nos. 1-5 d/b/a Stoopidhousewives.com are natural persons or business entities currently residing in the United States whose identities are presently unknown to NJMG.  The domain name stoopidhousewives.com is currently registered to Domains By Proxy, LLC, a registration service that conceals the identity of the beneficial registrant of the domain name.

## The Business of NJMG

7.  NJMG is engaged in the business of news reporting.  Its two daily publications, *The Record* and *Herald News*, have a daily circulation of approximately 151,000 and a Sunday circulation of approximately 175,000.  In addition, NJMG publishes more than forty weekly community newspapers with a combined circulation of approximately 630,000.  Its twelve magazines have a circulation of approximately 350,000.  Its website www.northjersey.com has more than 11.5 million page

views per month, and its other website www.bergen.com has approximately 670,000 page views per month.

8.  NJMG invests significant monies to create and publish its copyrighted works. While NJMG legally obtains certain content from the Associated Press and other news and wire services, it contributes substantial original reporting and photographs to the content it publishes.

9.  As a part of its effort to create original content, NJMG contracts with freelance photographers. NJMG requests from time to time that these freelancers take and submit photographs to NJMG for a specific event. Among the freelance photographers that have a written agreement with NJMG are Jeremy Smith, Rich Formicola, and Robert Pytel.

<u>The Copyrights of NJMG</u>

10. On or about April 22, 2012, at the request of NJMG, Jeremy Smith took at least 57 photographs at the Wakile/Gorga Premiere Party in Long Beach, New York ("The Wakile/Gorga Premiere Party Photographs"). Each of these photographs is an original work of art.

11. On April 23, 2012, NJMG published The Wakile/Gorga Premiere Party Photographs on its website www.bergen.com.

12. On June 29, 2012, Mr. Smith assigned to NJMG the copyrights in The Wakile/Gorga Premiere Party Photographs ("The Wakile/Gorga Premiere Party Copyrights"). Prior to assigning

The Wakile/Gorga Premiere Party Copyrights to NJMG, Mr. Smith did not publish, or license the use of, The Wakile/Gorga Premiere Party Photographs to any person or entity other than NJMG.

13. On July 21, 2012, NJMG applied for a separate copyright registration in each of the 57 Wakile/Gorga Premiere Party Photographs by submitting an application, deposit, and fee for each photograph to the United States Copyright Office.

14. On or about April 22, 2012, at the request of NJMG, Rich Formicola took at least 17 photographs at the Teresa Giudice Premiere Party in Stamford, Connecticut ("The Giudice Premiere Party Photographs").

15. On April 23, 2012, NJMG published The Giudice Premiere Party Photographs on its website www.bergen.com.

16. On June 30, 2012, Mr. Formicola assigned to NJMG the copyrights in The Giudice Premiere Party Photographs ("The Giudice Premiere Party Copyrights").  Prior to assigning The Giudice Premiere Party Copyrights to NJMG, Mr. Formicola did not publish, or license the use of, The Giudice Premiere Party Photographs to any person or entity other than NJMG.

17. On or about July 21, 2012, NJMG applied for a separate copyright registration for each of the 17 copyrights in The Giudice Premiere Party Photographs by submitting an

application, deposit, and fee for each photograph to the United States Copyright Office.

18. On or about April 22, 2012, at the request of NJMG, Robert Pytel took at least 15 photographs at the Manzo Premiere Party in Hoboken, New Jersey ("The Manzo Premiere Party Photographs"). Each of these photographs is an original work of art.

19. On April 23, 2012, NJMG published The Manzo Premiere Party Photographs on its website www.bergen.com.

20. On June 22, 2012, Mr. Pytel assigned to NJMG the copyrights in The Manzo Premiere Party Photographs ("The Manzo Premiere Party Copyrights"). Prior to assigning The Manzo Premiere Party Copyrights to NJMG, Mr. Pytel did not publish, or license the use of, The Manzo Premiere Party Photographs to any person or entity other than NJMG.

21. On or about July 21, 2012, NJMG applied for a separate copyright registration in each of the 15 Manzo Premiere Party Photographs by submitting an application, deposit, and fee for each photograph to the United States Copyright Office.

The Infringing Acts of Defendants

22. Upon information and belief, defendants own and operate the website located at the URL http://stoopidhousewives.com. Defendants generate revenue from their website through WordAds, a company that allows members to

generate revenue by placing ads from brand advertisers. The amount of revenue generated through WordAds depends upon the level and length of traffic, the content, and other factors.

   23. On or about April 23, 2012, defendants published on their website a copy of The Wakile/Gorga Premiere Party Photographs, The Giudice Premiere Party Photographs, and The Manzo Premiere Party Photographs (collectively, the "NJMG Premiere Party Photographs"). Upon information and belief, defendants were able to learn that NJMG published the NJMG Premiere Party Photographs on its website because defendants had representatives at each of the premiere parties, including one in this State, who informed defendants that photographers had attended the premiere parties on behalf of NJMG.

   24. Defendants failed to include any copyright notice or other credit line identifying NJMG, the photographers or www.bergen.com. Defendants used the NJMG Premiere Party Photographs to attract and sustain attention to their website. Defendants had no lawful justification for their copying and distribution of the NJMG Premiere Party Photographs.

   25. On or about July 30, 2012, NJMG through its counsel notified the defendants by email of their infringement of the NJMG Premiere Party Photographs.

A CLAIM FOR RELIEF
(Copyright Infringement)

26. NJMG repeats the averments contained in paragraphs 1 through 25 as if set forth in full.

27. NJMG's copyrights in The NJMG Premiere Party Photographs are valid and enforceable.

28. NJMG owns, and has submitted an application, deposit and fee to the Copyright Office for the copyrights in the NJMG Premiere Party Photographs.

29. Defendants have infringed NJMG's copyrights in the NJMG Premiere Party Photographs by posting them on thier website from April 2012 through August 2012.

30. The acts of defendants have irreparably damaged NJMG, although defendants removed the photographs after NJMG asserted its claim in a letter. NJMG has no adequate remedy at law for these wrongs and injuries. NJMG is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, and their agents, servants, employees, and attorneys, and all persons acting in concert with them, from infringing NJMG's copyrights in the NJMG Premiere Party Photographs.

31. Defendants have willfully infringed NJMG's copyrights in the NJMG Premiere Party Photographs.

32. NJMG is entitled to recover all damages sustained as a result of defendants' unlawful conduct, including (1) defendants' profits, or (2) NJMG's damages, or alternatively, at NJMG's election, (3) statutory damages.

WHEREFORE, NJMG demands judgment:

A. Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys, and all those acting in concert with them, from infringing the NJMG Premiere Party Photographs in violation of 17 U.S.C. § 101 et seq;

B. Awarding NJMG its damages or the defendants' profits, or alternatively, at NJMG's election, statutory damages, as a result of defendants' infringement of the copyrights in the NJMG Premiere Party Photographs;

C. Awarding NJMG its costs in this action, including its reasonable attorneys' fees pursuant 17 U.S.C. § 505; and

D. Granting such other and further relief as this

Court deems just and proper.

Dated: New York, New York
       August 10, 2012

                                  DUNNEGAN & SCILEPPI LLC

                              By _/s/ William Dunnegan_
                                  William Dunnegan (WD9316)
                                  wd@gdunnegan.com
                                  Ella Aiken (EA5861)
                                  ea@dunnegan.com
                              Attorneys for Plaintiff
                                  North Jersey Media Group Inc.
                              350 Fifth Avenue
                              New York, New York 10118
                              (212) 332-8300