## GOTTLIEB, RACKMAN & REISMAN, P.C.

COUNSELORS AT LAW

PATENTS · TRADEMARKS · COPYRIGHTS · INTELLECTUAL PROPERTY

270 MADISON AVENUE
NEW YORK, N. Y. 10016-0601
PHONE: (212) 684-3900 · FACSIMILE: (212) 684-3999
WEB: http://www.grr.com · E-MAIL: info@grr.com

GEORGE GOTTLIEB
DAVID S. KASHMAN
ALLEN I. RUBENSTEIN
JEFFREY M. KADEN
TIBERIU WEISZ
MARIA A. SAVIO
RICHARD S. SCHURIN
MARC P. MISTHAL
STEVEN STERN

COUNSEL
DIANA MULLER*

*MEMBER OF THE BAR
OF ARGENTINA ONLY

DONNA MIRMAN BROOME
BARBARA H. LOEWENTHAL
BARRY R. LEWIN
JOSHUA R. MATTHEWS
ARIEL S. PEIKES
RACHEL M. WEISS

PATENT AGENTS
ZOYA V. CHERNINA

OF COUNSEL
JAMES REISMAN
MICHAEL I. RACKMAN
BARRY A. COOPER

September 13, 2012

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/12
```

VIA FACSIMILE
Honorable Judge Victor Marrero, USDJ
Daniel Patrick Moynihan
U.S. Courthouse, 500 Pearl Street
New York, N.Y. 10007-1312

Re:  North Jersey Media Group Inc. v. John Does No. 1-5
     d/b/a stoopidhousewives.com – 12 Civ. 6152 (VM)

Honorable Judge Marrero:

We represent the website stoopidhousewives.com ("Stoopidhousewives") and the individual who operates that website. We are serving as local counsel to The Webb Law Firm of Pittsburgh, Pennsylvania, who is lead counsel. Stoopidhousewives has been named a defendant in the referenced action before Your Honor.

On August 24, 2012, Your Honor granted the plaintiff North Jersey Media Group Inc.'s request to serve a subpoena on Domains-By-Proxy, LLC ("Domains-By-Proxy") so plaintiff could learn the identity of our client. Domains-By-Proxy is due to respond to the subpoena by tomorrow September 14, 2012.

We are writing to request that the Court grant an immediate stay of the disclosure required by the subpoena. We also request that the Court hold a pre-motion conference to consider Stoopidhousewives anticipated motion for a protective order to keep confidential and/or under seal the information sought by the subpoena or to quash it, as appropriate.

The reasons for the relief we request are detailed in the attached declaration of Anthony W. Brooks of The Webb Law Firm.

The Court's immediate consideration of this matter is appreciated.

Very truly yours,
GOTTLIEB, RACKMAN & REISMAN, P.C.

Maria A. Savio

Enclosure
cc: William Dunnegan, Esq. (via e-mail)
    Ella Aiken, Esq. (via e-mail)
    Anthony W. Brooks, Esq. (via e-mail)
    compliance@domainsbyproxy.com (via e-mail)

SO ORDERED. The parties are directed to address the matter set forth above before Magistrate Judge Kevin Fox, to whom the case has been referred for pretrial supervision.

DATE 9-14-12  VICTOR MARRERO. U.S.D.J.

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

NORTH JERSEY MEDIA GROUP INC.,

Plaintiff

v.

JOHN DOE NOS. 1-5 D/B/A
STOOPIDHOUSEWIVES.COM,

Defendants.

Civil Action No. 1:20-12-cv-6152

## DECLARATION OF ANTHONY W. BROOKS

1.    I am an attorney with The Webb Law Firm of Pittsburgh, Pennsylvania, and we represent the website stoopidhousewives.com and the individual who operates it in the above-referenced action.

2.    I, on behalf of Stoopidhousewives, respectfully request an immediate stay of the disclosure required by the subpoena served by North Jersey Media Group Inc. ("NJMG") upon Domains-By-Proxy, LLC ("Domains-By-Proxy") requiring Domains-By-Proxy to produce information sufficient to identify the identity of the person who is responsible for the domain name www.stoopidhousewives.com ("the subpoena"). I also respectfully request a pre-motion conference to permit Stoopidhousewives to file a motion for a protective order to protect the disclosure of any such information. A copy of the subpoena and the letter to Your Honor requesting a pre-motion conference in anticipation of serving such subpoena are attached hereto as Exhibits A and B, respectively.

1

3.     Stoopidhousewives.com is owned and operated by an individual ("Stoopidhousewives"). The complaint (Dkt. 1) accused the website of infringing unregistered copyrights allegedly owned by NJMG in the Complaint, filed August 10, 2012. Stoopidhousewives has no objection to the disclosure of identifying information if it is kept confidential by NJMG's counsel or if it is disclosed under seal, but it is opposed to any public disclosure.

4.     Our client receives threats and other abusive communications on a regular basis from readers of www.stoopidhousewives.com. Examples of such communications are attached to this declaration as Exhibit C. As a result, Stoopidhousewives is fearful of publicly disclosing any identifying information that could lead the originators of such threats and abusive communications to directly contact and/or locate Stoopidhousewives at Stoopidhousewives' family home (where www.stoopidhousewives.com is authored).     For these reasons, Stoopidhousewives wishes to remain publicly anonymous while seeking a resolution of this matter, including both settlement discussions and the litigation.

5.     Prior to NJMG's service of the subpoena on Domains-By-Proxy, I represented to William Dunnegan, counsel for NJMG, that Stoopidhousewives is, in fact, an individual and that Stoopidhousewives wishes to remain anonymous through resolution of this dispute due to the various threats and abusive communications received by Stoopidhousewives.     It was my understanding that Mr. Dunnegan believed Stoopidhousewives to be a large media conglomerate. I further offered to identify Stoopidhousewives to Mr. Dunnegan under an "Attorneys' Eyes Only" designation. This past Tuesday, I wrote Mr. Dunnegan again offering the disclosure of the identity of Stoopidhousewives under an Attorneys' Eyes Only designation in exchange for withdrawal of the subpoena. I received a response from Mr. Dunnegan indicating that because

he had not been provided any evidence that would require the maintenance of Stoopidhousewives' anonymity that he could not agree to my proposal. In reply, I forwarded Mr. Dunnegan the abusive communications of Exhibit C of this declaration, and offered not to oppose the subpoena if Mr. Dunnegan treated the identifying information received from Domains-By-Proxy, LLC as Attorneys' Eyes Only in order to confirm the accuracy of any identifying information provided by me. Mr. Dunnegan responded that "we remain willing to settle without a disclosure of your client's identity" but did not indicate that he is willing to treat the information he receives from Domains-By-Proxy as Attorneys' Eyes Only as requested in my proposal. Copies of the relevant communications are attached to this declaration as Exhibit D.

6. Because Mr. Dunnegan has not agreed to maintain the information received by him as a result of the subpoena, Stoopidhousewives will be at risk of physical and/or mental harm if Mr. Dunnegan, on behalf of NJMG publicly discloses the identifying information of Stoopidhousewives, for example, by amending the complaint.

7. Therefore, Stoopidhousewives respectfully requests an immediate stay of the disclosure required by the subpoena and a pre-motion conference to permit Stoopidhousewives to file a motion for a protective order. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) (explaining that factors to consider when determining whether to allow a party to proceed anonymously include whether identification poses a risk of physical or mental harm); *Next Phase Distribution, Inc. v. Does 1-138* ("When evaluating a request by a party to proceed anonymously or by pseudonym courts consider numerous factors, including whether identification would put the affected party at risk of suffering physical or mental injury.") (quoting *John Wiley & Sons, Inc. v. John Does Nos. 1-27*, No. 11 Civ. 7627, 2012 WL 364048, at *1 (S.D.N.Y. Feb. 3, 2012))

3

8.    As evidenced by the attached abusive communications, Stoopidhousewives is vulnerable to physical and/or mental harm from the originators of such abusive communications. Indeed one of the attached communications, dated August 27, 2012, specifically recites "THERE ABOUT 50 of us C---! You are going to get f----- with to no return." *See* Exhibit C. Underscoring the need to proceed anonymously is the fact that Stoopidhousewives is an individual who authors www.stoopidhousewives.com from home.    As a result, Stoopidhousewives could be exposed to physical and/or mental abuse at Stoopidhousewives' place of residence. Moreover, NJMG will not be prejudiced by the quashing of the subpoena, as Stoopidhousewive's counsel has agreed to disclose the identity of Stoopidhousewives to NJMG's counsel under an Attorneys' Eyes Only designation.

9.    In summary, Stoopidhousewives does not object to the disclosure of Stoopidhousewives' identifying information to Mr. Dunnegan and his law firm, but only objects to public disclosure of that information because it would be damaging to Stoopidhousewives.

10.    Accordingly, on behalf of Stoopidhousewives, I respectfully request an immediate stay of the disclosure required by the subpoena and a pre-motion conference to permit Stoopidhousewives to file a motion for a protective order[1].

---

[1]    I also note that this action and subpoena are improper because a properly registered copyright has not been alleged. *See Patrick Collins, Inc. v. John Does 1-7*, No. 12 CV 2963, 2012 WL 1889166, at *1-2 (S.D.N.Y. May 24, 2012) (dismissing *sua sponte* copyright infringement claims and denying leave to seek discovery of Doe defendants because the plaintiff had filed for copyright registration but did not allege that it holds a valid copyright registration). NJMG has only alleged that it has filed copyright registration applications, *see* Compl, Dkt. 1 at 4-5, and has therefore failed to state a claim upon which relief can be granted. On this basis alone, the subpoena is improper, and I expressly reserve the right to raise such issues, should a pre-motion conference be granted.

4

11.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 13, 2012

Anthony W. Brooks

# EXHIBIT A

DUNNEGAN & SCILEPPI LLC

ATTORNEYS AT LAW

350 FIFTH AVENUE

NEW YORK, NEW YORK 10118

212-351-8300
212-331-8301 TELECOPIER

September 4, 2012

By Fax and USPS

Compliance Department
Domains By Proxy, LLC
14747 N. Northsight Blvd.
Suite 111, PMB 309
Scottsdale, Arizona 85260
Fax: (480) 624-2546

      Re: North Jersey Media Group Inc. v. John
      Doe Nos. 1-5 d/b/a stoopidhousewives.com
             12 Civ. 6152 (VM)

Dear Compliance Department,

      We are attorneys for plaintiff North Jersey Media
Group Inc. ("NJMG") in the above action.

      We are writing to serve a subpoena by fax, in
accordance with the procedures listed on your website, for
documents sufficient to identify John Doe Nos. 1-5 d/b/a
stoopidhousewives.com, defendants in the above action. We
understand that defendants used Domains By Proxy, LLC as an
intermediary to register the domain stoopidhousewives.com.

      We filed a lawsuit against the defendants in the
United States District Court for the Southern District of New
York alleging that, without permission, the defendants
reproduced and distributed copies of at least 89 of NJMG's
copyrighted photographs by posting copies of them at
www.stoopidhousewives.com on or about April 23, 2012.

      On September 4, 2012, Judge Victor Marrero authorized
plaintiff to serve Domains By Proxy, LLC a subpoena to obtain
the identity of defendants. We enclose a copy of Judge
Marrero's Order.

Although we have provided an Arizona address for the place of production, we would appreciate it if you would produce responsive documents by fax or email.

We will mail you a copy of this letter and its enclosures.

Sincerely Yours,

Ella Aiken
ea@dunnegan.com

Cc: Paul M. Reznick, Esq.
    Attorney for Defendants

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | |
|---|---|
| North Jersey Media Group Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  12 CIV. 6152 (VM) |
| John Doe Nos. 1-5 d/b/a stoopidhousewives.com | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) Southern District of New York    ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Compliance Department; Domains By Proxy, LLC
14747 N. Northsight Blvd., Suite 111, PMB 309, Scottsdale, Arizona 85260

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Documents sufficient to identify each person or entity that requested that Domains By Proxy, LLC register the domain stoopidhousewives.com on their behalf.

| Place:  Dunnegan & Scileppi LLC c/o Arizona Quick Serve | Date and Time: |
|---|---|
| 9393 N. 90th St. #121 | |
| Scottsdale, AZ 85258 | 09/14/2012 5:00 pm |

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  9/4/2012

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    North Jersey Media
Group Inc.                                        , who issues or requests this subpoena, are:

Elia Aiken, Dunnegan & Scileppi LLC, 350 Fifth Avenue, Suite 4908, New York, New York 10118
Email: ea@dunnegan.com; Phone: (212) 332-8300; Fax: (212) 332-8301

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Case 1:12-cv-06152-VM  Document 2  Filed 09/04/12  Page 1 of 2

**DUNNEGAN & SCILEPPI LLC**
Attorneys At Law
350 Fifth Avenue
New York, New York 10118

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/4/12

August 24, 2012

**By Facsimile**

Hon. Victor Marrero
United States District Judge
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
New York, New York 10007-1312
Fax: (212) 805-6382

Re: North Jersey Media Group Inc. v. John
Doe Nos. 1-5 d/b/a stoopidhousewives.com
12 Civ. 6152 (VM)

Dear Judge Marrero,

        We are attorneys for plaintiff North Jersey Media
Group Inc. ("NJMG") in the above action.

        We are writing to request a pre-motion conference in
anticipation of filing a motion pursuant to Fed. R. Civ. P.
26(d) for an order authorizing NJMG to serve a subpoena on
Domains By Proxy, LLC to determine the identity of defendants
John Doe Nos. 1-5 d/b/a stoopidhousewives.com, which are
presently unknown to us.  The need for this motion is explained
below.

        The complaint alleges that, without permission, the
defendants reproduced and distributed copies of at least 89 of
NJMG's copyrighted photographs by posting copies of them at
www.stoopidhousewives.com on or about April 23, 2012.

        On July 30, 2012, I sent an e-mail to defendants at
the e-mail address identified on their site, stoopidhousewives@
gmail.com to assert a claim.  Defendants removed the infringing
photographs from their website on or about August 1, 2012.

        On August 2, 2012, I received a letter from The Webb
Law Firm in Pennsylvania.  This letter indicated that the firm

www.stoopidhousewives.com, but did not disclose the identity of
those administrators. That letter was introductory in nature,
and stated that the firm would be in future contact.

On August 8, 2012, having heard no more from
defendants, I contacted Paul Resnick, an attorney with The Webb
Law Firm, asking him to disclose the identity of his clients.
He advised me that he was not authorized to do so. Although he
stated that he would be in further contact regarding NOMG's
claims, I have not heard from Mr. Resnick, or any other
attorney, on behalf of the defendants.

One can usually obtain the identity of the operator of
a website by doing a WHOIS search at a registrar's website, such
as http://who.godaddy.com. However, the domain name
stoopidhousewives.com is registered to Domains By Proxy, LLC.
Domains By Proxy, LLC acts as an intermediary between a person
who wants to register a domain name and the registrar, so that
the former may conceal his or her identity from the public.

Domains By Proxy, LLC releases identifying information
about its users only in certain circumstances, such as in
response to a court order or a subpoena. We have requested that
Domains by Proxy, LLC, identify the defendants for us without a
court order, but it confirmed that it will not provide that
information unless served with a subpoena.

We cannot determine the identity of the defendants
without obtaining information from Domains By Proxy, LLC by
subpoena. Therefore, unless the defendants authorize their
attorneys to disclose their identities to us, our only way of
determining these identities is to subpoena that information
from Domains By Proxy, LLC.

Respectfully yours,

*William D. Dunnegan*

William Dunnegan

Cc: Peter M. Resnick, Esq.
    Attorney for Defendants

# EXHIBIT B

DUNNEGAN & SCILEPPI LLC
ATTORNEYS AT LAW
350 FIFTH AVENUE
NEW YORK, NEW YORK 10118

1 2-332-6300
1 2-332-8301 TELECOPIER

August 24, 2012

By Facsimile

Hon. Victor Marrero
United States District Judge
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
New York, New York 10007-1312
Fax: (212) 805-6382

                    Re: North Jersey Media Group Inc. v. John
                    Doe Nos. 1-5 d/b/a stoopidhousewives.com
                              12 Civ. 6152 (VM)

Dear Judge Marrero,

        We are attorneys for plaintiff North Jersey Media
Group Inc. ("NJMG") in the above action.

        We are writing to request a pre-motion conference in
anticipation of filing a motion pursuant to Fed. R. Civ. P.
26(d) for an order authorizing NJMG to serve a subpoena on
Domains By Proxy, LLC to determine the identity of defendants
John Doe Nos. 1-5 d/b/a stoopidhousewives.com, which are
presently unknown to us. The need for this motion is explained
below.

        The complaint alleges that, without permission, the
defendants reproduced and distributed copies of at least 89 of
NJMG's copyrighted photographs by posting copies of them at
www.stoopidhousewives.com on or about April 23, 2012.

        On July 30, 2012, I sent an e-mail to defendants at
the e-mail address identified on their site, stoopidhousewives@
gmail.com to assert a claim. Defendants removed the infringing
photographs from their website on or about August 1, 2012.

        On August 2, 2012, I received a letter from The Webb
Law Firm in Pennsylvania. This letter indicated that the firm

www.stoopidhousewives.com, but did not disclose the identity of those administrators. That letter was introductory in nature, and stated that the firm would be in future contact.

On August 8, 2012, having heard no more from defendants, I contacted Paul Resnick, an attorney with The Webb Law Firm, asking him to disclose the identity of his clients. He advised me that he was not authorized to do so. Although he stated that he would be in further contact regarding NCMG's claims, I have not heard from Mr. Resnick, or any other attorney, on behalf of the defendants.

One can usually obtain the identity of the operator of a website by doing a WHOIS search at a registrar's website, such as http://who.godaddy.com. However, the domain name stoopidhousewives.com is registered to Domains By Proxy, LLC. Domains By Proxy, LLC acts as an intermediary between a person who wants to register a domain name and the registrar, so that the former may conceal his or her identity from the public.

Domains By Proxy, LLC releases identifying information about its users only in certain circumstances, such as in response to a court order or a subpoena. We have requested that Domains by Proxy, LLC, identify the defendants for us without a court order, but it confirmed that it will not provide that information unless served with a subpoena.

We cannot determine the identity of the defendants without obtaining information from Domains By Proxy, LLC by subpoena. Therefore, unless the defendants authorize their attorneys to disclose their identities to us, our only way of determining these identities is to subpoena that information from Domains By Proxy, LLC.

Respectfully yours,

William Dunnegan

William Dunnegan

Cc: Peter M. Resnick, Esq.
    Attorney for Defendants

# EXHIBIT C

From: **Lynn KH** <lynnkh1234@gmail.com>
Date: Fri, Feb 3, 2012 at 9:53 PM
Subject: IMPORTANT
To: Stoopid Housewives <stoopidhousewives@gmail.com>

YOURE A BITCH and I HOPE YOU GO TO HELL

| YOU'RE STOOPID stoopid@proxy.net 67.159.45.225 | Submitted on 2012/08/24 at 9:34 AM

Looks like you're the "stoopid" one Miss Stoopid!
Thanks so much for asking people to click your ads, because you have been reported.
You should of read this first you crazy bitch.
Oh and web cache shots, screen shots were sent to google, so you can take the
"please click" down, but google saw them.
TFFU!! (Thanks for Fucking UP)
http://shibashake.hubpages.com/hub/Banned-from-Google-AdSense-Common-Reasons-How

p.s. all you had to do was give Lynn a damn mention, the woman died you heartless cunt. |
|---|---|

| SH IS A FUCKING CUNT! cuntless@stoopid.com 37.59.36.114 | *Flagged as spam by stoopidhousewives* Submitted on 2012/08/27 at 10:24 PM
In reply to clickclick/mycat.

LMAO There were google ads, I have screen shots of them CUNT!
Google suspended your Cuntless ass. | SH "HIT AND RUN" MONDAY: PT Housewife "Compares Tennis To RHONY" .. Dina Manzo "Dina Speaks" .. CatFace MakeUp Menu .. Nene Leakes' New Shoes "The Nethia"
103 View Post |
|---|---|---|
| Select comment ☑ | 🅰 SH IS A FUCKING CUNT! | *Flagged as spam by stoopidhousewives* Submitted on 2012/08/27 at 10:18 PM |

cuntless@stoopid.com
37.59.36.114

HOW THE FUCK IS WANTING YOU TO MENTION LYNN's DEATH PROFANITY?
Here is a comment for you cunt!
YOU DON'T WANT TO LET HER POST IT. THERE ABOUT 50 of us CUNT!
You are going to get fucked with to no return. TFC!!!! CUNTIB
Hey CUNT STOOPID, YOU FORGOT TO ADD WHEN PUBLISHING MY COMMENT CUNT FACT THAT ALL YOU HAD TO DO WAS MENTION LYNN HUDSON PASSING YOU STOOPID CUNT FACE COW! YOU GOT HALF YOUR READERS FROM HER YOU HEARTLESS CUNT! YOU CAN DENY ALL YOU WANT BUT YOU DID RATHER YOU LIKE IT OR NOT CUNT CUNT CUNT CUNT CUNT CUNT

From: <supertweet101@vzw.blackberry.net>
Date: Mon, Feb 20, 2012 at 3:59 PM
Subject: FOR SH- not the I.T. Idiot- SH YOU blocked me?
To: Stoopid Housewives <stoopidhousewives@gmail.com>

So, I take a much needed break from twitter and went to DM you a link about a good story like always and it says I'm blocked. So I say wow, I can't believe that SH would block me. Then everyone says, "welcome to the club" then I heard stories ranging from; - someone took credit for an article you did and your mad and anyone who follows or associates with certain people they are blocked. (Hell, you should just quit twitter then) -you have an I.T. Person who is blocking, don't bother emailing you because I'll get mixed messages-meaning, several people answer your email and DM's, which I can raise my hand and say yes to, I had an experience like that with you or whoever handles your DM's. .You one time asked me something and I DM'd you back and you asked me What the hell I was talking about and why are we talking about this. It was very odd. I do

remember that so I know that is true or in a way hope it is, I would hate to know your really like that. Forgetful is forgiving but plain rude isn't.

- I heard your blocking people who didn't stick up for you? Well, I NEVER ask people to get involved if I have an argument with someone and don't have a clue what's going on. If that is the case, I recall one time saying something for you on your blog and got yelled at by someone using your name with the TFC b.s. like a child all when I was sticking up for you. So I wouldn't dare do that again to only be made a fool of again.

- then I hear and saw for my self some posts you did which don't have a damn thing to do with me or half the people you blocked.

So, I will say this to you and move on. You can block anyone who YOU WANT. To hear that you have an I.T. Person now working for you and he is doing the blocking all I have to say is REALLY? Is that how your rolling now? Because I wish I would of never passed your blog on to people, outside of twitter and to real life friends. You don't get over a million readers in a year just from your blog showing up in google. It works like word of mouth for rest & bars, you know, "oh hey SH such and such-they have good food there" you go there try it and tell someone else.

Before I took my break, I thought there was something off with you. This can't all be over someone using content of yours. As I said, there were times you would ask me something and I would answer then I would get the third degree for answering as in, you would say why are talking about this meanwhile I'm answering your question. I even went as far as if I would be on a blog and someone would say something about you, although I got scolded like a child on your blog for "having your back" I would speak up for you. I'm upset because I feel like an asshole now because I know I did nothing to you, and the things I mentioned above have nothing to do to do with me or half the people you blocked, so I hope this new I.T. Fellow is able to help you get to your 10 million mark. Does he like house wives? Does he have friends who like blogs? Does he take time to ask how you are because he appreciates your hard work? And No, you never asked me or anyone to pass your blog around- my point is, I can't believe you have the nerve to treat people like my self who have been nothing but nice to you and just block them with no explanation then when people ask you, one of the things would happen above or; When someone mentioned if I email you, your going to say to me, why didn't anyone stick up for you? Like I said I above, last time I spoke up for you I got scolded like a child and was told in a comment on your blog, "SH is capable of handling her own problems on her blog" and for two, I don't know what is going on or if this really the reason why your blocking people over someone using your content lol? Really SH? What does this have to do wiyth the people who has been loyal to you? if it is, to block people who have nothing to do with it is so damn childish SH! Not to mention, I would never ask people to get involved in my problems because I'm a big girl and don't or want people sticking up for me. Just in case that is your reason as others had said that is what you said to them, because they are people like me, who enjoyed your blog, was happy to pass your blog on, was rooting for you, was supportive of you and totally dumb founded to be blocked for ??? To be honest, to hear all the stuff I mentioned above and my own experience before my break, I know one thing: Something happened to the old SH. This new SH I don't like and it's fine if you want to hire people to block for unknown reasons because when you as me, like the time when I was in Pittsburgh then I replied and

mentioned the places, then your reply is "why are you telling me this" WHEN I thought you were just being cordial, fine, whatever. Rather it's you having mood swings or too many people are answering your messages for you which I hope that is the case because I would hope you're not RUDE to people for no reason, but your PR or IT people are doing you no justice. I would fire them. Because if I had customers or for that matter a blog like you do and someone was answering my messages for me, I would tell them, don't be rude to people, if you don't understand why a person is saying something, leave it for me, it's probably a conversation I was having with someone. It was jarring to hear the things I just heard. You know why people are up set SH by your erratic behavior? BECAUSE WE LIKED YOU, WE LOVED TO READ YOUR SITE, WE ENJOYED YOU! THAT'S WHY! There is no reason you could give that would justify blocking people who have done nothing but support you since day one. Blame it on the alleged (I say alleged because I don't know if you have an I.T. Person but that's word on the street, I'll be safe and say alleged) I.T. person, the rain, the neighbor Sally Sue that don't exist or the DEVIL. But if it's because of your content being used that half of us are clueless about and wasn't around because we have lives then, wow. REALLY? I'm sorry, but if that is the reason, I am mad at my self because I will never get this half hour back that it's taking me to compose this email because maturity takes time and I GRADUATED HIGH SCHOOL and I'm not sticking around.

Don't worry about replying because it makes sense now why I would get strange replies from you. At least I still have a tad of respect left to tell you how I feel in an email and not on your blog. Pardon me if I sound bitter, but you were one of the few people I enjoyed on twitter, not to mention loved your blog, but if it's true, which somehow must be, like I said never did a damn thing to you, you're letting your I.T. person run your stuff- you can tell him, or if this is him reading- he's lucky I chose not tell him what I think of him. Your welcome. Good luck to you SH. If who ever is reading this, or has SH we knew held captive somewhere, I'm sorry I can't have a free SH campaign that was done for sweetie, but if you happen to see the OLD, NICE SH, tell her she is missed.

Jen

Sent from my Verizon Wireless BlackBerry

# EXHIBIT D

## Anthony W. Brooks

| From: | Judy M. Eberle |
|---|---|
| Sent: | Tuesday, September 11, 2012 10:02 AM |
| To: | 'wd@dunnegan.com' |
| Cc: | 'ea@dunnegan.com'; Paul M. Reznick; Anthony W. Brooks; Lori A. Fratangelo |
| Subject: | "Case No. 12-cv-6152" |

**Attachments:** Letter.pdf

Dear Mr. Dunnegan:

Please review the attached letter and contact Anthony Brooks with any questions or comments.

Thank you,

(Sent on behalf of Anthony W. Brooks)



**Judy M. Eberle | Legal Assistant**
The Webb Law Firm
One Gateway Center | 420 Ft. Duquesne Blvd., Suite 1200 | Pittsburgh, PA 15222
P 412.471.8815 | F 412.471.4094 | JEberle@webblaw.com



One Gateway Center
420 R. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222

P 412.471.8815
F 412.471.4094
webblaw@webblaw.com

ANTHONY W. BROOKS
Attorney at Law

September 11, 2012
VIA E-MAIL: wd@dunnegan.com

William Dunnegan, Esq.
Dunnegan & Scileppi LLC
350 Fifth Avenue, 49th Floor
New York, New York 10118

Re:     North Jersey Media Group, Inc. v. Does 1-5 d/b/a
Stoopidhousewives.com (Case No. 12-cv-6152)

Dear Bill:

Thank you for providing us with a courtesy copy of the subpoena served on Domains-By-Proxy, LLC, dated September 4, 2012, requiring the disclosure of the identity of our client, Stoopidhousewives.com, to North Jersey Media Group, Inc. ("NJMG") by September 14, 2012 (the "subpoena").

In previous conversations, we have conveyed to you our client's interest in pursuing a resolution to this matter anonymously, including proceeding in the litigation anonymously, due to various threats our client has received. You have indicated to us that you would be "vehemently opposed" to allowing our client to proceed in the litigation anonymously.

On our last telephone call, August 30, 2012, I represented to you that our client is an individual, and further inquired if you would be agreeable to a disclosure of my client's identity to you under an Attorney's Eyes Only designation. Because you served the subpoena only five days later (September 4, 2012), it appears you are not interested in pursuing that arrangement further.

However, I confirm that our client is an individual and reiterate my offer to proceed with the disclosure of my client's identity to you under an Attorney's Eyes Only designation. Under this arrangement, we would disclose our client's identity to you, but you could not disclose such identity or any identifying information to NJMG, or anyone outside of your law firm that is not necessary court personnel (e.g., court reporters, jury, etc.). We could then proceed with the litigation as a John Doe matter, or, alternatively, you could name the defendant as "stoopidhousewives.com." Also, we would agree to accept service on our client's behalf. In return, we would ask that you withdraw the subpoena to Domains-By-Proxy, LLC.

THE WEBB LAW FIRM

William Dunnegan            - 2 -            September 11, 2012

        We ask that you please give this arrangement further consideration. Because the deadline for Domains-by-Proxy, LLC to comply with the subpoena is fast approaching (September 14, 2012), we further ask that you please provide us with a written response by the close of business tomorrow, September 12, 2012.

        We look forward to receiving your response.

                      Very truly yours,

                      Anthony W. Brooks

AWB:jme

cc:    Paul M. Reznick, Esq. (preznick@webblaw.com)
       Ella Aiken, Esq. (ea@dunnegan.com)

## Anthony W. Brooks

**From:** William Dunnegan [wd@dunnegan.com]
**Sent:** Wednesday, September 12, 2012 11:40 AM
**To:** Judy M. Eberle
**Cc:** Elia Aiken; Paul M. Reznick; Anthony W. Brooks; Lori A. Fratangelo
**Subject:** RE: "Case No. 12-cv-6152"

Mr. Brooks,

Because you have not provided us with any evidence that there is a basis to maintain the confidentiality of the name of the defendant in the lawsuit, we cannot agree to your proposal.

Bill Dunnegan

---

**From:** Judy M. Eberle [mailto:JEberle@webblaw.com]
**Sent:** Tuesday, September 11, 2012 10:02 AM
**To:** William Dunnegan
**Cc:** Elia Aiken; Paul M. Reznick; Anthony W. Brooks; Lori A. Fratangelo
**Subject:** "Case No. 12-cv-6152"

Dear Mr. Dunnegan:

Please review the attached letter and contact Anthony Brooks with any questions or comments.

Thank you,

(Sent on behalf of Anthony W. Brooks)

THE **WEBB** LAW FIRM

**Judy M. Eberle | Legal Assistant**
The Webb Law Firm
One Gateway Center | 420 Ft. Duquesne Blvd., Suite 1200 | Pittsburgh, PA 15222
P 412.471.8815 | F 412.471.4094 | JEberle@webblaw.com

## Anthony W. Brooks

| | |
|---|---|
| **From:** | Anthony W. Brooks |
| **Sent:** | Wednesday, September 12, 2012 4:23 PM |
| **To:** | William Dunnegan; Judy M. Eberle |
| **Cc:** | Ella Aiken; Paul M. Reznick; Lori A. Fratangelo |
| **Subject:** | RE: "Case No. 12-cv-6152" |

**Attachments:** 2JB1351-SH Abusive Communications.PDF

Dear Mr. Dunnegan,

We are disappointed that you cannot agree to pursue a resolution of this matter while maintaining the confidentiality of our client's identity.

However, to address your evidentiary concerns expressed below, I have attached examples of the abusive communications and threats our client receives on a regular basis. As am sure you can understand, a person receiving communications like these on a day in and day out basis would be fearful of having their identifying information publicly disclosed.

We ask that you please give the proposal outlined in our letter of September 11, 2012 further consideration. Additionally, if you agree to our proposal to maintain the confidentiality of our client's identity under an Attorneys' Eyes Only designation, we will agree not to oppose the subpoena served on Domains-By-Proxy, LLC as long as you treat the information you receive from Domains-By-Proxy, LLC as confidential under an Attorneys' Eyes Only designation. In this manner, you can confirm the accuracy of the identifying information provided to you independently by us.

We hope that you will be agreeable to this arrangement, and ask that you please provide us with a written response by 12:00 pm tomorrow, September 13, 2012.

Thank you.

Very Best Regards,

Tony Brooks



**Anthony W. Brooks | Attorney at Law**
The Webb Law Firm
One Gateway Center | 420 Ft. Duquesne Blvd., Suite 1200 | Pittsburgh, PA 15222
P 412.471.8815 | F 412.471.4094 | ABrooks@webblaw.com

---

**From:** William Dunnegan [mailto:wd@dunnegan.com]
**Sent:** Wednesday, September 12, 2012 11:40 AM
**To:** Judy M. Eberle
**Cc:** Ella Aiken; Paul M. Reznick; Anthony W. Brooks; Lori A. Fratangelo
**Subject:** RE: "Case No. 12-cv-6152"

Mr. Brooks,

9/13/2012

Because you have not provided us with any evidence that there is a basis to maintain the confidentiality of the name of the defendant in the lawsuit, we cannot agree to your proposal.

Bill Dunnegan

---

**From:** Judy M. Eberle [mailto:JEberle@webblaw.com]
**Sent:** Tuesday, September 11, 2012 10:02 AM
**To:** William Dunnegan
**Cc:** Ella Aiken; Paul M. Reznick; Anthony W. Brooks; Lori A. Fratangelo
**Subject:** "Case No. 12-cv-6152"

Dear Mr. Dunnegan:

Please review the attached letter and contact Anthony Brooks with any questions or comments.

Thank you,

(Sent on behalf of Anthony W. Brooks)



**Judy M. Eberle | Legal Assistant**
The Webb Law Firm
One Gateway Center | 420 Ft. Duquesne Blvd., Suite 1200 | Pittsburgh, PA 15222
P 412.471.8815 | F 412.471.4094 | JEberle@webblaw.com

9/13/2012

## Anthony W. Brooks

**From:** William Dunnegan [wd@dunnegan.com]

**Sent:** Thursday, September 13, 2012 10:46 AM

**To:** Anthony W. Brooks; Judy M. Eberle

**Cc:** Ella Aiken; Paul M. Reznick; Lori A. Fratangelo

**Subject:** RE: "Case No. 12-cv-6152"

Mr. Brooks,

While we remain willing to settle without a disclosure of your client's identity, you have not responded to our settlement offer.

With respect to the attachment to your e-mail, while the communications are bizarre and vulgar, they don't contain any <u>threat</u> that should prevent the need for the disclosure of the identity of the defendant.

Bill Dunnegan

---

**From:** Anthony W. Brooks [mailto:ABrooks@webblaw.com]
**Sent:** Wednesday, September 12, 2012 4:23 PM
**To:** William Dunnegan; Judy M. Eberle
**Cc:** Ella Aiken; Paul M. Reznick; Lori A. Fratangelo
**Subject:** RE: "Case No. 12-cv-6152"

Dear Mr. Dunnegan,

We are disappointed that you cannot agree to pursue a resolution of this matter while maintaining the confidentiality of our client's identity.

However, to address your evidentiary concerns expressed below, I have attached examples of the abusive communications and threats our client receives on a regular basis. As am sure you can understand, a person receiving communications like these on a day in and day out basis would be fearful of having their identifying information publicly disclosed.

We ask that you please give the proposal outlined in our letter of September 11, 2012 further consideration. Additionally, if you agree to our proposal to maintain the confidentiality of our client's identity under an Attorneys' Eyes Only designation, we will agree not to oppose the subpoena served on Domains-By-Proxy, LLC as long as you treat the information you receive from Domains-By-Proxy, LLC as confidential under an Attorneys' Eyes Only designation. In this manner, you can confirm the accuracy of the identifying information provided to you independently by us.

We hope that you will be agreeable to this arrangement, and ask that you please provide us with a written response by 12:00 pm tomorrow, September 13, 2012.

Thank you.

Very Best Regards,

Tony Brooks



9/13/2012

**Anthony W. Brooks | Attorney at Law**
The Webb Law Firm
One Gateway Center | 420 Ft. Duquesne Blvd., Suite 1200 | Pittsburgh, PA 15222
P 412.471.8815 | F 412.471.4094 | ABrooks@webblaw.com

---

**From:** William Dunnegan [mailto:wd@dunnegan.com]
**Sent:** Wednesday, September 12, 2012 11:40 AM
**To:** Judy M. Eberle
**Cc:** Ella Alken; Paul M. Reznick; Anthony W. Brooks; Lori A. Fratangelo
**Subject:** RE: "Case No. 12-cv-6152"

Mr. Brooks,

Because you have not provided us with any evidence that there is a basis to maintain the confidentiality of the name of the defendant in the lawsuit, we cannot agree to your proposal.

Bill Dunnegan

---

**From:** Judy M. Eberle [mailto:JEberle@webblaw.com]
**Sent:** Tuesday, September 11, 2012 10:02 AM
**To:** William Dunnegan
**Cc:** Ella Aiken; Paul M. Reznick; Anthony W. Brooks; Lori A. Fratangelo
**Subject:** "Case No. 12-cv-6152"

Dear Mr. Dunnegan:

Please review the attached letter and contact Anthony Brooks with any questions or comments.

Thank you,

(Sent on behalf of Anthony W. Brooks)



**Judy M. Eberle | Legal Assistant**
The Webb Law Firm
One Gateway Center | 420 Ft. Duquesne Blvd., Suite 1200 | Pittsburgh, PA 15222
P 412.471.8815 | F 412.471.4094 | JEberle@webblaw.com

9/13/2012