DUNNEGAN & SCILEPPI LLC
ATTORNEYS AT LAW
350 FIFTH AVENUE
NEW YORK, NEW YORK 10118

212-332-8300
212-332-8301 TELECOPIER

September 14, 2012

By Facsimile

Hon. Victor Marrero
United States District Judge
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/12

Re: North Jersey Media Group Inc. v. John
Doe Nos. 1-5 d/b/a stoopidhousewives.com
12 Civ. 6152 (VM)

Dear Judge Marrero,

We are attorneys for plaintiff North Jersey Media Group Inc. ("NJMG") in the above action.

We are writing in response to the letter of Maria A. Savio, Esq. in support of our position that defendant has not provided any legitimate basis for the Court to stay the return date of subpoena to Domains By Proxy, or to allow defendant to proceed, in any respect, anonymously.

As a general rule, parties may not litigate their disputes anonymously. Fed. R. Civ. P. 10(a) requires that "[t]he title of the complaint must name all the parties." Because this rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings ... [it] cannot be set aside lightly." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188-89 (2d Cir. 2008).

The basis for defendant's claimed need to proceed anonymously is that "Our client received threats and other abusive communications on a regular basis from readers of stoopidhousewives.com." (Brooks Dec. ¶ 4)

Hon. Victor Marrero
September 14, 2012
Page 2

We are sensitive to the need to protect defendant from physical harm. "When evaluating a request by a party to proceed anonymously or by pseudonym courts consider numerous factors, including whether identification would put the affected party at risk of suffering physical or mental injury." Geurrilla Girls. Inc. v. Kaz, 224 F.R.D. 571, 573 (S.D.N.Y. 2004)(Internal citation omitted).

The communications that defendant has provided in Exhibit C to the Brooks Declaration do not threaten physical harm to the defendant. While these communications are bizarre and vulgar, bizarre and vulgar communications may be part of the business of operating a blog with the URL www.stoopidhousewives.com.

I have previously asked Mr. Brooks what efforts the defendant has made to determine the identity of the people sending these communications. If these communications damaged the defendant, the defendant should have either contacted law enforcement officials or addressed the matter in a civil lawsuit. Mr. Brooks could not tell me that defendant had taken any steps to identify the people sending these communications.

We suspect that the true reason that defendant wishes to remain anonymous is because the defendant has some affiliation with a media outlet, which does not want its identity revealed, and is willing to pay two intellectual property law firms to attempt to keep its name from being revealed to NJMG for as long as possible. The defendant, however, engaged in public acts of copyright infringement, and is being sued in a federal court. The defendant should not be allowed to use the Federal Rules and this Court's discretion to impede a copyright owner from enforcing its rights.

Respectfully yours,

William Dunnegan

William Dunnegan

Cc: Maria A. Savio, Esq.
    Anthony Brooks, Esq.

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiff.

SO ORDERED.

9-14-12
DATE

VICTOR MARRERO, U.S.D.J.

DUNNEGAN & SCILEPPI LLC