UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

NORTH JERSEY MEDIA GROUP INC.,          :

               Plaintiff,           :

      -against-                       :   12 Civ. 6152 (VM)(KNF)

JOHN DOE NOS. 1-5 D/B/A                 :
STOOPIDHOUSEWIVES.COM,
                                :
               Defendants.
                                :
- - - - - - - - - - - - - - - - - x

MEMORANDUM OF PLAINTIFF IN OPPOSITION TO
A DEFENDANT'S MOTION TO PROCEED UNDER A
FICTITIOUS NAME AND FOR A PROTECTIVE ORDER

Plaintiff North Jersey Media Group Inc. ("NJMG") respectfully submits this memorandum in opposition to a defendant's motion (i) to proceed under a fictitious name and (ii) for a protective order preventing NJMG's counsel from disclosing defendant's name outside of its law firm.

Preliminary Statement

NJMG brought this action because defendants infringed 89 of NJMG's photographs by copying them and posting them to the website www.stoopidhousewives.com without authority. The defendant who has appeared does not dispute that this infringement occurred.

The only defense that defendant raises – that NJMG does not own valid copyrights because a certificate of

registration had not issued at the time of the filing of the action – has no merit.[1]  In any event, the argument is moot because the Copyright Office has issued registrations for 48 of the copyrights involved in this action. (Dunnegan Dec. Ex. A)

## Argument

### I.

### THE COURT SHOULD NOT ALLOW DEFENDANT TO PROCEED UNDER A FICTITIOUS NAME

Deciding whether to allow a party to proceed under a fictitious name involves a balancing of interests. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188-89 (2d Cir. 2008)("As described in greater detail below, we hold that district courts must balance a plaintiff's

---

[1] The Supreme Court has explicitly left this issue open. Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1249 (2010).  The Court of Appeals for Second Circuit has not addressed this issue. DO Denim, LLC v. Fried Denim, Inc., 634 F. Supp.2d 403, 406 (S.D.N.Y. 2009).

Requiring dismissal of an action after the copyright owner has filed a copyright application with the Copyright Office would serve no purpose.  If the Copyright Office issues the registration, an earlier filing of the lawsuit caused no harm.  If the Copyright Office rejects the application, the copyright owner may still proceed with its infringement claim, and simply give the Copyright Office notice of it. 17 U.S.C. § 411.  Moreover, requiring a certificate as a condition to filing the action could result in the absurdity of the statute of limitations expiring on an infringement claim while the copyright owner waits for the Copyright Office to take action.

interest in anonymity against both (a) the public interest in disclosure and (b) the potential prejudice to defendants when determining whether to permit a plaintiff to proceed under a pseudonym.")

The Court of Appeals has set a high standard for allowing a party to proceed anonymously.  Sealed Plaintiff, 537 F.3d at 188-89 ("Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, '[t]he title of [a] complaint must name all the parties.' This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly.")(Alterations in original.)

The fact patterns in which courts in this Circuit have allowed a party to proceed under a fictitious name are extremely limited.  See Smith v. Edwards, 175 F.3d 99, 99 n.1 (2d Cir.1999)("For the sake of the privacy of plaintiff's child, pseudonyms for plaintiff and his family are employed throughout this opinion."); Next Phase Distribution, Inc. v. Does 1-138, 11 Civ. 9706 KBF, 2012 WL 691830 (S.D.N.Y. Mar. 1, 2012)("This Court notes the highly sensitive nature and privacy issues that could be involved with being linked to a pornography film....Moreover, there is a risk in this case, and other similarly-situated ones,

3

that the 'names and addresses produced in response to [p]laintiff's discovery request will not in fact be those of the individuals who downloaded' [the pornographic video]." (Quoting Digital Sin, Inc. v. John Does 1-176, 12 Civ. 00126, 2012 WL 263491, at *3 (S.D.N.Y. Jan.30, 2012))(Additional citations omitted.).

A.     Defendant's Showing In Support of The Application To Proceed Under A Fictitious Name Is Insubstantial.

The evidence defendant offers in support of the application is hearsay, to which no exception applies. Defendant has not submitted his or her own affidavit. Instead, defendant's factual showing -- both in terms of threats and defendant's First Amendment rights -- rests solely on defendant's attorney's argument. That should prove insufficient to meet the burden to proceed under a fictitious name. See, e.g., Perry v. Goord, 06 CV 828, 2009 WL 1812822 (W.D.N.Y. June 25, 2009)("Plaintiff's counsel's declaration is exclusively based upon plaintiff's allegations in the Complaint about prior threats and violence without any further allegation of harm from disclosure of plaintiff prosecuting this action by, for example, responding to pending motions.").

Even if they were properly authenticated, which they are not, the documents that defendant presents do not

4

demonstrate that defendant would be susceptible to any physical or mental harm as a result of being named in this action. The email produced as Dkt. 10, page 6, appears to relate to a rivalry between Stoopidhousewives.com and another blogger, who is now deceased. (Dunnegan Dec. Ex. B at 3-4 and Ex. C.) In context, the email appears to threaten defendant's blog, not defendant's person. The last comment, Dkt. No. 10, page 8, simply communicates the commenter's opinion that people involved in the NJ Housewives franchise are at risk because three of the housewives are associated with a drug dealer. It is not a threat and the comment seems directed at the housewives themselves, not the author of the blog.

In any event, defendant presents no evidence of any follow up with law enforcement with respect to the alleged threats. If the defendant truly felt threatened, we would expect nothing less.

 B.      Allowing Defendant To Proceed Under A Fictitious Name Would Impair NJMG's <u>Ability To Investigate And Take Discovery.</u>

We suspect that the true motivation to proceed under a fictitious name is to avoid financial exposure in this action. The evidence suggests the involvement of some media company in the operation of the Stoopidhousewives.com blog. The blog is a full time job, not a hobby. It often

posts material several times a day. The author has stated the blog "consumes my day from 8:30am until midnight." (Dunnegan Dec Ex. B at 3.) A media company operating, or supporting, this blog would face substantially greater exposure in this lawsuit than an individual blogger. If defendant proceeded under defendant's actual name, defendant runs the substantial risk that the public might recognize defendant's name and associate it with Bravo (the producer of The Real Housewives show), or some other substantial media company, which is actually supporting the www.stoopidhousewives.com blog.

Granting defendant's motion will prejudice NJMG by hindering its investigation into defendant's infringement and severely limiting its ability to conduct discovery. For example, if the defendant proceeds under a fictitious name, and NJMG's counsel is precluded from disclosing defendant's identity outside of its law firm, NJMG will be unable to seek discovery from third-party media companies concerning their connection to, or financial support of, the individual who has been identified.

The Court should not allow a defendant to proceed under a fictitious name to increase its chances of prevailing on the merits. In John Wiley & Sons, Inc. v.

Does Nos. 1-27, 11 Civ. 7627 WHP, 2012 WL 364048 (S.D.N.Y. Feb. 3, 2012), which defendant cites, the Court did not allow the defendant to proceed anonymously. ("Here, Doe No. 7 proffers no reason why he should proceed anonymously beyond his potential liability for copyright infringement. This justification is inadequate.").

II.

THE COURT SHOULD NOT ENTER A PROTECTIVE ORDER PREVENTING NJMG FROM LEARNING THE NAME OF THE DEFENDANT

Defendant has not provided any justification -- by way of authority or argument -- to prevent NJMG from learning the identity of the defendant.  Such a restriction would necessarily prevent NJMG from fully investigating this case.  For example, the protective order defendant seeks would prevent NJMG from searching its files to determine whether it has any prior dealings with the defendant, dealings that could shed substantial light on the defendant's willfulness.  That would be unfair and prejudicial.

Conclusion

Accordingly, NJMG respectfully requests that this Court deny defendant's motion to proceed under a fictitious

name and for a protective order.

Dated: New York, New York
       October 11, 2012

                                    DUNNEGAN & SCILEPPI LLC

                                    By /s/ William Dunnegan
                                        William Dunnegan (WD9316)
                                        wd@gdunnegan.com
                                        Ella Aiken (EA5861)
                                        ea@dunnegan.com
                                  Attorneys for Plaintiff
                                      North Jersey Media Group Inc.
                                  350 Fifth Avenue
                                  New York, New York 10118
                                  (212) 332-8300