IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTH JERSEY MEDIA GROUP INC., <br><br> Plaintiff <br><br> v. <br><br> JOHN DOE NOS. 1-5 D/B/A STOOPIDHOUSEWIVES.COM, <br><br> Defendants. | Civil Action No. 1:20-12-cv-6152 (VM)(KNF) |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR PERMISSION TO
PROCEED UNDER THE FICTITIOUS NAME
"STOOPIDHOUSEWIVES.COM" AND FOR A PROTECTIVE ORDER**

GOTTLIEB, RACKMAN & REISMAN, P.C.
270 Madison Avenue
New York, New York 10016
Attorneys for Defendant Stoopidhousewives.com

I.  **Introduction**

The individual author-defendant of the blog site www.stoopidhousewives.com ("Stoopidhousewives") moves only to proceed under the fictitious name "Stoopidhousewives.com" – not complete anonymity. *See* Def. Mot., Dkt. 9 at 1. Stoopidhousewives is a 59 year-old individual that authors the stoopidhousewives blog without any reference to Stoopidhousewives given name or other identifying information. *See* Reply Declaration.[1] Stoopidhousewives has never provided Stoopidhousewives' given name or other identifying information to any third party (other than Domains-By-Proxy, LLC) in Stoopidhousewives' capacity as author and administrator of www.stoopidhousewives.com. *Id.* Stoopidhousewives is not a party to any agreement with, under the direction and control of, or otherwise affiliated with Bravo, or any other media organization, company or content provider in any manner whatsoever. *Id.* As such, Stoopidhousewives is not attempting to hide the extent of potential financial exposure as Plaintiff North Jersey Media Group, Inc. ("NJMG") incorrectly, and without support, speculates. *See* Pl. Opp., Dkt. 11 at 5-6.

Accordingly, Stoopidhousewives moves to proceed under the fictitious name "Stoopidhousewives.com" only as a means of preventing physical and/or emotional abuse at Stoopidhousewives' home, which, if not prevented by Stoopidhousewives' requested relief, would severely inhibit Stoopidhousewives' ability to write freely and impinge upon Stoopidhousewives' First Amendment rights to pseudonymous expression. *See McIntyre v. Ohio Elections Comm.*, 514 U.S. 334, 342 (1995) (holding that an author's decision to remain

---

[1] Stoopidhousewives notes that NJMG has indicated in its opposition that Stoopidhousewives "has not submitted his or her own affidavit." Pl. Opp., Dkt. 11 at 4. Accordingly, Stoopidhousewives has prepared and executed a declaration to support this Reply Memorandum, and Stoopidhousewives will submit the declaration under seal, upon receiving authorization from the Court to treat such declaration under seal.

anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment).

## II. Argument

In its opposition, NJMG confuses the issues and ignores the balancing test required by *Sealed Plaintiff v. Sealed Defendant #1* that it correctly recognizes as controlling. *See* 537 F.3d 185, 189 (2nd Cir. 2008). NJMG makes much of the speculative and unsupported assertion that Stoopidhousewives is in some way connected to "Bravo . . . or some other substantial media company" and that Stoopidhousewives' "true motivation to proceed under a fictitious name is to avoid financial exposure in this action." Pl. Opp., Dkt. 11 at 5-6. NJMG exaggerates the alleged "prejudice" it would suffer if Stoopidhousewives' requested relief were granted and fails to properly consider the other considerations raised by Stoopidhousewives, *see* Def. Mot., Dkt. 10 at 6-8, that far outweigh NJMG's perceived "prejudice," *e.g.*, that NJMG's counsel is in fact in possession of Stoopidhousewives' name and other identifying information[2] and that the public interest in knowing the identity of Defendant is weak in view of, among other things, Stoopidhousewives' First Amendment right to anonymous speech.

That Stoopidhousewives has moved to proceed under the fictitious name "Stoopidhousewives.com" is a far cry from proceeding in complete anonymity. It is analogous to the scenario where NJMG would have sued a business entity by the same name. Since the inception of www.stoopidhousewives.com, any third party that has ever had contact with

---

[2] That Stoopidhousewives agreed to permit NJMG's counsel to receive Stoopidhousewives identifying information, *see* Stip., Dkt. 7, and that Stoopidhousewives offered to unilaterally disclose such information to NJMG's counsel, *see* Dkt. 4, cuts against any unfounded speculation that Stoopihousewives is connected to a "substantial media company" and is attempting to avoid potential financial exposure.

Stoopidhousewives in Stoopidhousewives' capacity as author and administrator of the website has never been exposed to Stoopidhousewives' given name or other identifying information. *See* Reply Decl. at ¶ 3. If NJMG referred to Stoopidhousewives as "Stoopidhousewives.com" in any discovery requests, including a potential subpoena to Bravo, NJMG would receive the information it seeks. In fact, if it referred to Stoopidhousewives' given name, NJMG would receive no discovery since no third party (other than Domains-By-Proxy), including any "substantial media company," has ever been exposed to Stoopidhousewives' given name or other identifying information. Thus, NJMG would not suffer of the alleged discovery "prejudice" complained of by having to refer to Stoopidhousewives as "Stoopidhousewives.com."

Moreover, even if Stoopidhousewives' requested relief is characterized as "proceeding anonymously," NJMG overstates the proper standard as "a high standard" and attempts to characterize example cases as limiting. Dkt. 10 at 3. While *Sealed Plaintiff* does note that Rule 10(a) of the Federal Rules of Civil Procedure must not "be set aside lightly," that case made clear that courts must perform a balancing test to determine whether to proceed under a pseudonym – it *did not* provide limited scenarios wherein a pseudonym would be appropriate. *See Sealed Plaintiff*, F.3d at 188-189 (adopting the balancing test of *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068, 71 (9th Cir.2000) (holding that a court must balance 1) "the severity of threatened harm," 2) "reasonableness of anonymous party's fears," 3) "the anonymous party's vulnerability," 4) "the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice," and 5) "the public interest" and explaining that the fact that threats are made is sufficient to permit anonymity regardless of the veracity of those statements.") Indeed, the Second Circuit held that the District Court made an error of law in strictly applying Rule 10(a). *Id.* at 190.

3

As Stoopidhousewives has demonstrated, Stoopidhousewives has been threatened and received other abusive communications from readers of www.stoopidhousewives.com. *See* Dkt. 9 at 6, Dkt. 10 at Ex. A. NJMG incorrectly characterizes this evidence as "hearsay, to which no exception applies." Dkt. 11 at 4. The relevance of this evidence, however, is simply that the statements were made - not that the threats were actually intended to be carried out. *See Does I Thru XXIII*, 214 F.3d at 1071 (holding that a district court's ruling that threats were "prospective and conjectural [and] based in large part on hearsay and innuendo" was error "because plaintiffs are not required to prove that the defendants intend to carry out the threatened retaliation. What is relevant is that plaintiffs were threatened, and that a reasonable person would believe that the threat might actually be carried out."). Further, NJMG ignores the profanity-laced comment from a www.stoopidhousewives.com reader dated August 27, 2012 – after initiation of the present lawsuit – that recites "THERE ABOUT 50 of us C---! *You* are going to get f----- with to no return."[3] *See* Dkt. 9 at 6, Dkt. 10 at Ex. A (emphasis added).

Additionally, the public interest is weak because Stoopidhousewives' identifying information, including Stoopidhousewives' actual name, is of no true consequence to this matter because the activity on the website took place without any public knowledge of the author's identity, and the issues in this case are, therefore, purely of a legal nature (i.e., alleged past copyright infringement). *See Sealed Plaintiff*, 537 F.3d at 190 (explaining that courts should consider "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities.").

---

[3] That NJMG would "expect nothing less" than "evidence of any follow up with law enforcement" is completely irrelevant. NJMG has provided no support that indicates such evidence is required. But, in any event, the involvement of law enforcement has not been necessary because up until this point Stoopidhousewives' identity has remained undisclosed to the public. *See Sealed Plaintiff*, F.3d at 189 (holding that "whether the plaintiff's identity has thus far been kept confidential" is relevant to whether to permit a party to proceed under a pseudonym).

4

Publicly disclosing Stoopidhousewives' identity is, in fact, contrary to the public interest. It would weaken Stoopidhousewives' First Amendment protections to publicly anonymous speech and no longer provide Stoopidhousewives a safeguard from harassment at Stoopidhousewives' home, thereby hindering Stoopidhousewives' ability to comment and speak freely. *See McIntyre v. Ohio Elections Comm.*, 514 U.S. at 342; *ACLU v. Johnson*, 4 F. Supp. 2d 1029, 1033 (D.N.M. 1998) (holding that a New Mexico Provision violated the First and Fourteenth Amendment because it would prevent people from communicating and accessing information anonymously); *ACLU v. Johnson*, 4 F. Supp. 2d 1029, 1033 (D.N.M. 1998) (granting a preliminary injunction against a state statute that restricted the right to communicate anonymously and pseudonymously over the internet).

Because NJMG will not be prejudiced in discovery, or otherwise, by referring to Stoopidhousewives under the fictitious name "Stoopidhousewives.com," which is no different than if NJMG were proceeding against a business entity by the same name, and Stoopidhousewives has demonstrated the existence of a threat and a weak public interest, the Court should grant Stoopidhousewives' motion.

III.    **Conclusion**

Accordingly, in view of the above and other associated briefings, Stoopidhousewives respectfully requests the Court to grant its motion to proceed anonymously under the pseudonym "stoopidhousewives.com" and for a protective order precluding the parties' counsel from disclosing the identity of the individual author and administrator of the website stoopidhousewives.com outside of their respective law firms, and, alternatively for any other relief the Court deems proper.

Dated: New York, New York
       October 15, 2012

                                      Respectfully submitted,

                                      GOTTLIEB, RACKMAN & REISMAN, P.C.

                                      Attorneys for Defendant Stoopidhousewives.com

By: _____
                                      Maria A. Savio (MAS-7756)
                                      msavio@grr.com
                                      270 Madison Avenue
                                      New York, New York 10016
                                      Phone: (212) 684-3900
                                      Fax:   (212) 684-3999